John S. HALPERN, Petitioner–
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

Docket No. 00–4231.

United States Court of Appeals,
Second Circuit.

March 29, 2002.

Stuart Wachs, New York, NY, for Appellant.

Laurie Snyder, Tax Division, Department of Justice, Washington, DC, (Eileen J. O'Connor, Assistant Attorney General, and Jonathan S. Cohen, Tax Division, Department of Justice, on the brief), for Appellee.

Present FEINBERG, STRAUB and KATZMANN, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the Tax Court is hereby AFFIRMED.

John S. Halpern ("Halpern") appeals from the entry of final judgment against him upholding a notice of deficiency in the United States Tax Court (Howard A. Dawson, Jr., *Judge* ).

In 1981, Halpern purchased a limited partnership interest in a plastics recycling venture known as Resource Reclamation Associates ("RRA"), part of a complex transaction involving the sale and lease-back of plastics recyclers. The Internal Revenue Service ("I.R.S.") subsequently determined that partners in numerous

similarly designed plastics recycling partnerships had overvalued the recyclers on their tax returns and were subject to notices of deficiency and several penalties. In February 1988, the I.R.S. approved a Settlement Initiative Package that authorized agents nationwide to extend a uniform offer of settlement to taxpayers in docketed plastics recycling cases. In August 1988, the offer was extended to non-docketed cases. As part of this settlement package, the I.R.S. conceded the negligence penalty. The offer expired in February 1989, after the conclusion of the trial in the plastics recycling test case, *Provizer v. Commissioner*, 63 T.C.M. (CCH) 2531, 1992 WL 56983 (T.C.1992), *aff'd*, 996 F.2d 1216 (6th Cir.1993), *cert. denied*, 510 U.S. 1163, 114 S.Ct. 1187, 127 L.Ed.2d 538 (1994).

In February 1988, the I.R.S. sent Halpern an examination report concerning his 1981 and 1982 tax returns. The I.R.S. proposed adjustments relating to Halpern's investment in RRA and in two other partnerships, Greenfield Arbitrage Partners ("Greenfield") and Penverter Partners. On March 30, 1988, Halpern's then counsel protested the examination report. As to the RRA adjustments, counsel indicated that "Halpern has been informed that cases related to [RRA] are currently being handled by the IRS and requests that consideration of his [RRA] issues be deferred until resolution of the Greenfield issues." Greenfield was not a plastics recycling partnership.

In July 1990, the parties entered into a closing agreement that settled the Greenfield matter. In August 1990, the parties entered into a second closing agreement that disposed of the RRA dispute ("Closing Agreement"). Pursuant to the RRA Closing Agreement, Halpern agreed to bind his case to the result in *Provizer v. Commissioner*, the plastics recycling test

case. After *Provizer* was concluded in its favor, the I.R.S. issued Halpern a notice of deficiency for the 1981 tax year that included assessment of a negligence penalty relating to his partnership interest in RRA. In August 1996, Halpern filed an amended petition challenging the deficiency.

In July 1998, the I.R.S. moved for entry of decision in its favor, a motion akin to summary judgment, on the theory that the Closing Agreement foreclosed Halpern's challenge. In November 1998, Judge Armen of the Tax Court held oral argument on the I.R.S.'s motion. Halpern argued that the Closing Agreement should be set aside because (1) the appeals officer assigned to the case, Harris Fisher ("Fisher"), had misrepresented that RRA was the partnership at issue in *Provizer*, when it was not; (2) the I.R.S. had failed to offer Halpern the national settlement that was made available to partners in plastics recycling tax shelters, thus violating its duty to treat similarly situated taxpayers equally; and (3) the Closing Agreement by its terms does not apply to Halpern's investment in RRA. Judge Armen subsequently denied the I.R.S.'s motion for entry of judgment on the basis that material issues of fact existed on Halpern's claims.

Thereafter, Judge Powell, to whom the case was transferred, conducted a trial in which he limited the issue to whether Fisher's alleged misrepresentation that RRA was the partnership at issue in *Provizer* was a material misrepresentation. Although Halpern objected to this limitation, he was permitted to testify that he did not receive the national settlement offer. Fisher, who was also the key appeals officer for the Greenfield-related cases, also testified that because Halpern had requested that his RRA case be put on hold until Greenfield was concluded, "that's probably what I did." Fisher indi-

cated that after the Greenfield matter concluded and he turned his attention to RRA in 1990, there was no settlement position available.

Following trial in August 2000, Judge Powell entered decision in the I.R.S.'s favor, finding that the alleged misrepresentation was not material and therefore there was no basis to set aside the Closing Agreement. As to Halpern's claim that the I.R.S. had engaged in malfeasance by not offering him the national settlement, the court ruled that the Internal Revenue Code contains no provision requiring the I.R.S. to extend similar settlement offers to taxpayers. Halpern argues on appeal that the Tax Court improperly foreclosed his ability to fully present his national settlement claim by limiting the issue for trial to the materiality of the alleged misrepresentation. Halpern asserts that this was particularly improper given that Judge Armen had previously found that Halpern had raised a material issue of fact on his claim that the I.R.S.'s failure to extend to him the national settlement constituted malfeasance. We reject Halpern's arguments.

Halpern's amended petition alleges that "a settlement offer was made available by the Commissioner to other taxpayers who were similarly situated to [Halpern] with respect to his investment in [RRA]." Accordingly, the petition states that "[t]he Commissioner is obligated by the duty of consistency and the doctrine of taxpayer equality to concede the imposition of the negligence penalty ...." Thus, Halpern's claim is grounded upon the theory that the I.R.S. breached its duty to treat similarly situated taxpayers equally when it failed to offer him the settlement. However, in March 1988, Halpern's counsel requested that "consideration of [Halpern's] [RRA] issues be deferred until resolution of the Greenfield issues." The settlement package did not become available for non-docketed cases, such as Halpern's, until August 1988. The Greenfield matter was resolved in July 1990, one year and five months after the national settlement offer had closed. Thus, Halpern by his own request was not similarly situated to taxpayers who received the settlement offer.

While the Tax Court may have limited Halpern's ability to fully press his malfeasance argument in relation to the national settlement offer, the record shows that the predicate to Halpern's claim has not been met because he asked to be treated differently from other RRA partners. A rational basis therefore exists for Halpern's failure to receive a settlement offer. *Cf. Addington v. Commissioner,* 205 F.3d 54, 62 (2d Cir.2000). Accordingly, no issue of material fact remains that would require further proceedings on Halpern's malfeasance claim. *See Harlen Assocs. v. Incorporated Village of Mineola,* 273 F.3d 494, 499 n. 2 (2d Cir.2001) ("[A] court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met.").

The judgment of the Tax Court is hereby AFFIRMED.